## Henry C. Maxham v. James P. Place.

### Evidence.    Sheriff's Sale.    Privileged Communications.

To prove the rendition of a judgment, and the record thereof, the plaintiff offered in evidence an execution which recited the judgment in the usual form, and proved by parol, that diligent search had been made for a record of the judgment, but that none could be found; and showed by an attorney, that the debtor applied to him to have judgment rendered against himself in favor of the creditor, upon certain notes which the latter held against him ; that the attorney issued the execution offered in evidence, and presumed he issued antecedent process, as such was his practice in such cases; and also showed by the justice who signed the execution, that said attorney and the debtor came to his office, and confessed judgment in favor of the creditor, but he did not recollect the amount. *Held*, that the evidence tended to show the rendition of a judgment by confession, and that the record thereof was lost.

A sheriff told his deputy, when he directed him to sell certain property which he himself had advertised to be sold on execution, that there would be no one present at the sale but the execution creditor. *Held*, that proof thereof was not admissible, to show the sale collusive and fraudulent, as the rights of the parties could not be affected by what the sheriff said.

The defendant offered to show, for the same purpose, that sale was made at an *unusual* place for such sales to be made. *Held*, inadmissible.

M. told his attorney who assisted him in the confession of a judgment against himself in favor of a creditor, that he did it, that he might have his piano sold on execution, so his other creditors could not attach it. The court allowed the attorney to determine whether he would disclose the communication, and he refused. *Held*, that the communication was privileged, and that the fact that the court allowed the attorney to determine whether he would testify or not, was not a ground of complaint, as the result was the same.

REPLEVIN for a piano-forte. Plea, the general issue, with notice that the defendant claimed to hold said property by virtue of an attachment thereof by him as sheriff of Franklin county, on a writ in favor of Julian H. Dewey against Hiram S. Maxham, brother of the plaintiff. Trial by the court, September term, 1872, ROYCE, J., presiding.

The plaintiff claimed title to said piano by virtue of a purchase thereof from one Theron Webster, prior to said attachment, and claimed that said Webster purchased the same on the 23d of December, 1867, at a sheriff's sale on an execution in favor of the said Webster against the said Hiram. The plaintiff offered said execution and the officer's return thereon, in evidence, to which the defendant objected, because the execution was without date, and because there was no minute thereon of the time when the officer received the same for collection. Said execution recited a judgment as recovered on the 9th day of December, 1867, for $385.02 damages, and $2.25 costs, and was dated " the 9th day of December, A. D. 18 ." The officer's return thereon showed the levy thereof on said piano, Dec. 9, 1867, and the sale thereof on the 23d of the same December. The court overruled the objection, and admitted the execution and return; to which the defendant excepted.

The defendant claimed that the sale of said piano upon said execution was fraudulent, so far as the creditors of the said Hiram were concerned, and invalid as a sheriff sale—lacking the necessary requisites of such sale. No record of the judgment upon which said execution purported to have been issued, was produced; but it was shown that diligent search had been made in every place where such record would be likely to be found, but without success. The plaintiff then offered to prove by parol, that such

record was in fact made, but could not be found, and the court admitted the evidence ; to which the defendant excepted.

For the purpose of proving such record, Myron Buck, the attorney for the creditor in the execution, and who did the business, testified for the plaintiff, that he issued the execution in question, but had no recollection of having made a writ in the case in favor of said Webster against said Hiram; that it was his custom to do so in such cases, and presumed he did in this. He also testified that the said Hiram applied to him to have judgment rendered against himself by confession, in favor of said Webster, upon certain notes Webster held against him, and have the piano in question sold upon execution to be issued thereon ; that he, Buck, never had any communication upon the subject with Webster. L. Gilman, the justice signing said execution, testified for the plaintiff upon the subject of the record of said judgment, that Mr. Buck and the said Hiram came to his office and confessed judgment in favor of Webster, but he did not recollect the amount. The testimony of Gilman and Buck was all the evidence introduced upon the subject of said record.

Theron Webster testified that the said Hiram was owing him; that he urged him to pay or secure him ; that Maxham suggested the sale of the piano upon execution ; that he attended the sale of the piano, and bid the same off, at the request of Maxham; that he subsequently sold the piano to the plaintiff for two hundred dollars, which was all he ever received on the debt against said Maxham.

The plaintiff introduced evidence tending to show that a notice signed by A. J. Soule, sheriff of Franklin county, for the sale of the piano in question at the dwelling-house of Hiram S. Maxham, in the village of St. Albans, on the 23d day of December, 1867, was posted on the front door of said dwelling-house. The defendant introduced witnesses who were in the habit of passing said dwelling-house, daily, during the time the plaintiff claimed said notice was posted there, whose testimony tended to show that no notice was posted upon the front door of said house, as claimed by the plaintiff.

It appeared, though by testimony objected to by the plaintiff,

that said piano was sold by one Kelly, a deputy of said Soule, at auction, on the 23d day of December, 1867, in the parlor or sitting-room in the dwelling-house of said Hiram, to the said Webster, for one hundred dollars, which was the only bid ; that said Kelly, Webster, and Hiram S. Maxham, were the only persons present at said sale, and that at the time of said sale, said piano was not removed from said sitting-room, where it was sitting. That at the time of said sale, there was no announcement that such sale would take place ; that Kelly did not remain at the place of sale more than four or five minutes, and that said piano remained in the family of said Hiram S. Maxham, in his said dwelling-house, and was used by a minor daughter of his, until about the 3d of June, 1870.

It also appeared that at the time the plaintiff purchased the piano of Webster, he made it his home at the house of the said Hiram, as a boarder, and was there as often as once or twice a week, and so continued to make it his home there, until said piano was attached by the defendant ; that at the time it was attached by the defendant, it was on a railroad car at the depot, in St. Albans, with the household furniture of the said Hiram, directed to one Sessions, Rome, N. Y. ; that the piano and furniture had been that day removed from said dwelling-house to the depot, by the plaintiff, for the purpose of being sent to Rome, N. Y., where the family of the said Hiram soon after removed, and where said Hiram had been for some time previous, with the expectation on the part of the plaintiff that said piano was still to be used by the said Hiram's daughter. It also appeared that the dwelling-house of the said Hiram, at the time of the sale of the piano upon execution, was used only for the purpose of a private dwelling-house, and never had been used for any other purpose ; that said piano was worth from three to five hundred dollars, and that the same was attached by the defendant, on the 3d day of July, 1870, as the property of the said Hiram, on a writ in the hands of the defendant in favor of Julian H. Dewey against the said Hiram.

The defendant offered to prove, that when said Soule directed his deputy, Kelly, to sell said piano upon the occasion of his

selling it upon said execution as aforesaid, he told Kelly that there would be no one present but Theron Webster ; which evidence was excluded by the court ; to which the defendant excepted. The defendant also offered to prove by the officer who sold said piano, and by the defendant, that said piano was sold at an unusual place for such sales to be made ; which evidence was excluded by the court ; to which the defendant excepted. The defendant also offered to prove by the said Buck, that at the time when said Hiram· applied to him to have the piano sold on execution, the said Hiram told him that the reason why he wanted it sold at sheriff's sale was, that it could not be attached by his creditors. To this evidence the plaintiff objected, on the ground that it would be a breach of confidence between counsel and client, and that it was immaterial. The court instructed the witness, that if he considered a disclosure of the communication in question a breach of such confidence, he need not disclose the same. Whereupon the witness declined to answer the question of the defendant in reference to such communication ; to which ruling, the defendant excepted. The specifications of the indebtedness of said Hiram to said Webster, which were left by said Hiram with the justice signing said execution, were put into the case by the defendant.

From the facts and evidence above detailed, the defendant' claimed that the sale [of said piano upon said execution, was invalid as a sheriff sale, and could have no greater force than a private sale ; that there was no sufficient change of possession to render a private sale effectual as against creditors, and that for these reasons, as well as for fraud, which the defendant claimed existed in the transaction, the plaintiff could not sustain this action. But the court decided that said sale was a valid sheriff sale, and rendered judgment for the plaintiff for nominal damages ; to which the defendant excepted.

*Noble & Smith* and *Bryant Hall*, for the defendant.

The sale of the piano in question upon execution, was clearly invalid as a sheriff sale. There was no proof in the case, tending to show that any record of the judgment claimed by the plaintiff

to have been rendered by justice Gilman upon confession, was ever made. Proof that no *record* can be found, has no *tendency* to show that *one was ever made*. We insist that the testimony of the witnesses Buck and Gilman, had no tendency to show that a judgment was rendered, or a record made. It results then that as there was no judgment proved to support the execution upon which the piano was sold, the finding of the court, that the sale of the piano was a valid sheriff sale, was erroneous. Gen. Sts. ch. 31, § 21 ; *Yates* v. *St. Johns et al.* 12 Wend. 74 ; *Jackson* v. *Hasbrouck*, 12 Johns. 213 ; *Carter* v. *Simson*, 7 Johns. 535.

Again, the parol proof in reference to the supposed judgment was improperly admitted. *Graham* v. *Gordon*, 1 D. Chip. 115 ; *Wright* v. *Fletcher*, 12 Vt. 431 : *Strong* v. *Bradley*, 13 Vt. 9 ; *Nye* v. *Kellam*, 18 Vt. 594 ; *Sherwin* v. *Bugbee*, 17 Vt 337.

The case shows that the sale of the piano was in the parlor or sitting-room in the dwelling-house of Hiram S. Maxham ; that said house was then used for a private dwelling-house, and had never been used for any other purpose. The place where the piano was sold, was one where no person had a right to enter except by *special permission* of the owner or occupant, and was not in any sense a *public place*, but *strictly private*. The fact that the posting of the advertisement upon the front door of said house may have been legal, will not avoid the difficulty as to the sale of the piano, which should have been at the front door, where the advertisement was posted. Gen. Sts. ch. 47, § 4 ; *Austin* v. *Soule*, 36 Vt. 645.

The facts detailed in the exceptions, bring this case within the principle of the case *Webster* v. *Denison*, 25 Vt. 493, and clearly show that the sale of the piano was only intended as a security to Webster. The evidence offered by the defendant, that the sale was at an unusual place for such sales, and that sheriff Soule told his deputy, Kelly, at the time he directed him to sell the piano, that there would be no one present to bid but Theron Webster, tended to show that such an understanding existed between the debtor and creditor, as does also the statement of Maxham while acting as agent of Webster, that his, Maxham's, object in confessing judgment, and having the piano sold on execution, was to put the

same beyond the reach of his creditors. The defendant insists that the ground upon which the court excluded this statement of Maxham to Buck, was wholly untenable. This admission having been made while Maxham was acting as the agent of Webster, and in the discharge of that agency, Webster is affected by it. *Tillotson* v. *McCrillis*, 11 Vt. 477. Buck, being at the time coun-. sel for Webster in the matter concerning which the admission was made, could not claim exemption from testifying, on the ground that he was Maxham's counsel in the same matter, as no counsel can be employed for adverse parties, at the same time, upon the same subject. *Spencely* v. *Schulenburgh*, 7 East, 357.

The sale of the piano upon the execution in favor of Webster, if not valid as a sheriff sale, is wholly void. *Webster* v. *Dennison, supra.* But if it were to have the force of a private sale, it is void as to the creditors of Maxham, there being no sufficient change of possession.

*E. A. Sowles*, for the plaintiff.

The execution and officer's return thereon, were properly admitted by the court, notwithstanding there was a date wanting to the execution, and no minute of the officer, of the time of his receiving the execution, especially as to third parties, and where the date is apparent on its face. *Bank of Whitehall* v. *Pettes*, 13 Vt. 395 ; *Bellows* v. *Weeks*, 41 Vt. 590 ; *Commonwealth* v. *Phillips*, 11 Pick. 27 ; *Balch & wife* v *Shaw*, 7 Cush. 282. The minute on the back of the execution, of the day and year when the officer receives the same, is only required by statute in order to determine the priority of liens. *Fletcher* v. *Pratt*, 4 Vt. 182 ; *Abbott* v. *Edgerton*, 30 Vt. 208.

The court properly admitted parol testimony to prove the judgment by confession, after the absence of the record was accounted for. It was the best evidence that could be had. *Admr. of Janes* v. *Martin et al.* 7 Vt. 92. Confessions of judgment may be made without antecedent process. All that the statute requires is, a specification in writing filed with the justice, setting forth the claim upon which such judgment is rendered, which was done in this case. The execution admitted in the·case, shows that judgment was rendered. Gen. Sts. 279, § 21.

The presumptions of law are, that the proceedings in the sale of property on execution, are all regular, until the contrary is shown by competent evidence. This likewise extends to the place of sale as being a public place, and all the details of the sale. *Drake* v. *Mooney*, 31 Vt. 617 ; *Collins* v. *Perkins*, 31 Vt. 625 ; *Austin* v. *Soule*, 36 Vt. 645. Any informality in the proceedings of the sheriff, will not defeat the title of the purchaser, if the proceedings be substantially in conformity to law, even where it appears upon the face of the return. *Wood* v. *Doane*, 20 Vt. 612. The return of the officer shows a regular sheriff's sale, and that is conclusive between the parties, and as to all other parties. *Wood* v. *Doane*, *supra*.

Sheriff sales are an exception to the general principle that sales of personal chattels, unaccompanied by a visible and substantial change of possesssion, are inoperative as against the creditors of the vendor. The title passes by operation of law. Hence, Webster's title was good. *Kelley* v. *Hart*, 14 Vt. 50 ; *Austin* v. *Soule*, *supra*.

The sheriff sale being *prima facie* regular, and the defendant then not having any interest in the property, nor being a party or privy to the record, is not entitled to question the regularity of the sale, without offering to show that there was some attempt at concealment or collusion in the officer's proceedings, having the character of positive fraud. The exceptions fail to show any such fraud. *Admr. of Janes* v. *Martin*, *supra*; *Hale* v. *Miller*, 15 Vt. 211 ; *Wood* v. *Doane*, *supra*; *Austin* v. *Soule*, *supra* ; *Bank of Whitehall* v. *Pettes*, *supra*. It is not the purchaser's duty at public auction, to inquire into the legality of the prior proceedings upon which the officer may justify his acts. Any irregularity on the part of the officer, if there was any, could only be taken advantage of by proceedings against the officer. *Admr. of Janes* v. *Martin*, *supra* ; *Hale* v. *Miller*, *supra*; *Bates* v. *Carter*, 5 Vt. 602 ; *Gates* v. *Gaines*, 10 Vt. 346.

The offer of the defendant to prove any confidential communications made by Hiram S. Maxham to his attorney, if any such were made, was properly excluded by the court, *Wetherbee et al.* v. *Ezekiel*, 25 Vt. 47   Even if it had been admitted for the

57

purpose for which it was offered by the defendant, it could not in any way affect the title of Webster, as there is no pretence that it was brought to his knowledge at the time of his purchase.

The opinion of the court was delivered by

PIERPOINT, Ch. J. This is an action of replevin for a piano. The case was tried by the court, and the only question involved was, as to the legality of the sale of the piano by the deputy sheriff, Kelley, on an execution in favor of Theron Webster against Hiram S. Maxham. The county court decided that the sale was a valid sheriff's sale, and rendered judgment for the plaintiff. This finding and judgment is conclusive upon all matters of fact necessary to constitute a valid sheriff's sale, that the evidence legally tended to prove. Whether the county court properly weighed the evidence, and gave it its legitimate effect in determining the questions of fact, is a matter that cannot be revised in this court.

It is claimed on the part of the defendant that there was no legal evidence in the case, tending to show that the execution on which the property was sold, was issued upon any judgment rendered in favor of said Webster against said Hiram S. Maxham. We think the evidence introduced tended to show that a judgment was rendered by confession, and that the record thereof was lost, and that the court was justified in admitting parol evidence to show what that judgment and record was. The execution recited the judgment, the time when, and the amount for which, it was rendered. The evidence tended to show that the proceedings of the officer in making the sale upon the execution, were in conformity with the requirements of the statute in such cases.

We think the court properly excluded the evidence offered as to what the sheriff, Soule, told his deputy, Kelly, would probably take place at the time of the sale. The rights of the parties could not be affected by what Soule may have said to Kelly on the subject.

The evidence offered to show that the place of sale was an unusual place of sale, was properly excluded. The statute does not require that property sold on execution, should be sold at any particular place, or at the usual place of such sales, but at a public place.

The evidence of Buck, we think, was not admissible. Buck was the attorney of Maxham, and not of Webster, in the matter of obtaining the judgment, and any communication made to him by Maxham in respect to it, was privileged, and should have been excluded by the court. The fact that the court allowed Buck to determine whether or not he would testify, is not a ground of complaint, as the result was the same. If Buck had testified, and the case had come up on exceptions by the other party, it would have presented a different question. But it is said the evidence tended to show that the whole proceedings under which the sale was made, were collusive and fraudulent. This is purely a question of fact, on which the judgment of the county court is conclusive.

Judgment of the county court is affirmed.