LEWIS DICKERMAN v. D. F. CHAPMAN.

*Parol Evidence.   Judgment Lost.   Presumption.*

In an action of book account the defendant claimed that some part of the plaintiff's account was merged in a judgment ; that the judgment was rendered by a justice of the peace ; that the justice had deceased ; that there was no record nor files of the judgment in the county clerk's office or the possession of the administrator.   *Held*, that parol evidence was admissible to prove such facts ; and that it would be presumed that the justice made a record of the judgment.

Book Account.   Heard on an auditor's report, December Term, 1881, Powers, J., presiding.   The court rendered judgment for the plaintiff for the sum found due by the auditor.   Exceptions by plaintiff.   The defendant claimed, and the auditor allowed him to prove by parol evidence, that some part of the plaintiff's account was merged in a judgment.   The other facts are sufficiently stated in the opinion.

*Lamb & Tarbell*, for the plaintiff.
The record is the only evidence by which a judgment can be proved.   1 D. Chip. 115; 2 Phil. Ev. (Ed. 1859) 155 ; 9 Am. Law Reg. 384 ; 12 Vt. 431 ; 13 Vt. 9 ; 18 Vt. 594 ; 17 Vt. 337 ; 6 Vt. 541 ; 5 Mass. 547 ; 12 Mass. 400; 1 Swift Dig. 759.

*S. B. Hebard*, for the defendant.
We show that there was a judgment and execution ; and we have shown loss of the record and so having shown its loss, we are permitted to show its contents.   *Maxham* v. *Place*, 46 Vt. 434 ; 34 Vt. 97 ; 23 Vt. 581.

The opinion of the court was delivered by
Taft, J.   The auditor found from parol evidence, that a judgment against the defendant was rendered in favor of the plaintiff, in January, 1856, by a justice of the peace; that the justice was dead, and had been for more than two months ; that there was no record

of said judgment, or files in such case, in the county clerk's office, or in the hands of the administrator of the estate of the justice. Whether the admission of such evidence was error, is the only question in the case for this court to pass upon. The auditor found that a judgment was rendered ; that an execution was issued ; and that payments were made upon it. From these facts we think the legitimate presumption is, that a record of the judgment was made. The plaintiff insists that there was no proof of the existence of such a record ; that it is necessary that it should first appear that a record was actually made, and that the court cannot presume tha- one was made. The judgment having been rendered, it was the duty of the justice to have made a record. "All persons are pre- sumed to have duly discharged any obligation imposed on them, either by written or unwritten law." Best on Ev. s. 348. And especially is this true of public officers. The law therefore pre- sumes that the record was made, and its loss having been shownt the evidence was properly admitted. *Maxham* v. *Place*, 46 Vt. 434. Judgment affirmed.